## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF TEXAS

## MARSHALL DIVISION

| | | |
|---|---|---|
| **JONATHAN E. CREECH,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | **Civil Action No. _____** |
| **v.** | § | |
| | § | |
| **MARTIN RESOURCE MANAGEMENT** | § | **JURY TRIAL DEMANDED** |
| **CORPORATION,** | § | |
| | § | |
| *Defendant.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Jonathan E. Creech, files this original complaint against Defendant, Martin Resource Management Corporation ("Martin"), and in support thereof would respectfully show the Court as follows:

### I.      PARTIES

1.      Plaintiff, Jonathan E. Creech, is an individual residing in Gregg County, Texas, a citizen of the State of Texas.

2.      Upon information and belief, Defendant, Martin Resource Management Corporation, is a Texas corporation, authorized to do business, and doing business, in the State of Texas, with its main corporate headquarters being located in Kilgore, Texas.  Defendant may be served through its registered agent for service, Chris Booth, 4200 B Stone Road, Kilgore, Texas 75662, or wherever it may be located.

## II.     JURISDICTION AND VENUE

3.      This Court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. § 1331 because Plaintiff asserts claims arising under federal law.  This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) as the judicial district in which a substantial part of the events or omissions giving rise to Plaintiff's claim occurred.

4.      All conditions precedent have occurred or been complied with.  A charge of employment discrimination on the basis of disability was filed with the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission within 180 days of the commission of the unlawful employment practice alleged herein.  Plaintiff requested a Right to Sue Letter, after the charge had been on file with the EEOC for more than 180 days.

## III.     FACTUAL BACKGROUND

5.      Plaintiff is a pilot.  He holds a valid first class medical certificate required to act as a pilot of any aircraft during commercial operations.  He is licensed, rated, and certified by the Federal Aviation Administration.  Plaintiff holds an Airline Transport Pilot certification, the highest pilot rating possible from the Federal Aviation Administration.  Plaintiff is a certified flight instructor and certified ground instructor.  Plaintiff has more than 3,800 hours of flight experience.

6.      In 2010, Plaintiff began working for Martin as a pilot.  Martin and its numerous subsidiary companies provide marketing and distribution of fuel oil, asphalt, sulfuric acid, diesel fuel and naphthenic lubricants.  One of Martin's subsidiaries, Martin Product Sales, LLC leases and/or owns a fleet of private aircraft.  Martin hires, employs, and/or retains pilots to operate those aircraft.

7.      At all times relevant to this complaint, Martin had six full time pilots (including Plaintiff) and one part time or contract pilot.  Plaintiff was third in seniority among all pilots who worked for Martin.  Plaintiff was one of two pilots that Martin utilized to pilot all of its four different types of aircraft.  Plaintiff was one of three pilots properly certified and trained to pilot Martin's Kingair 350, Learjet 45, and Cirrus SR22 aircraft.

8.      Plaintiff was an exemplary employee of Martin for the five years that he worked for Martin.  Plaintiff had no negative reviews or complaints regarding his performance at any time during his employment with Martin.

9.      On September 28, 2014, while piloting an aircraft on behalf of Martin from East Texas Regional Airport in Kilgore, Texas (KGGG) to William P. Hobby Airport in Houston, Texas (KHOU), Plaintiff began to experience chest palpitations.  After that flight, Plaintiff sought help from medical professionals to determine the cause of his chest palpitations.  Medical professionals informed Plaintiff that it was likely a low level of potassium that caused his chest palpitations and that it should not pose any major concern, but that he should have further testing performed to rule out any other causes.

10.      Plaintiff informed his supervisor, Mike Hawkins, of his medical condition so that Martin would be aware of his diagnosis and on-going treatment.  Plaintiff advised Martin of appointments which would require his absence from work, but otherwise reported to work as usual.

11.      On December 18, 2014, while piloting an aircraft on behalf of Martin from East Texas Regional Airport in Kilgore, Texas (KGGG) to Jack Brooks Regional Airport in Beaumont, Texas (KBPT), Plaintiff experienced significant discomfort.  He began to feel slightly dizzy and felt an unusual feeling in his chest.  He made an emergency landing at Ellington Airport in Houston, Texas (KEFD).  Thereafter, Plaintiff sought medical treatment.  Plaintiff was treated for

his symptoms, released from his physician's care within a few hours, and was advised to receive further follow up testing and diagnosis as his symptoms could be the result of a developing arrhythmia.

12.     After December 18, 2014, Plaintiff received additional medical testing and diagnosis.  He was ultimately diagnosed with mild sinus tachycardia with occasional PACs and PVCs.  Mild sinus tachycardia with occasional PACs and PVCs is a physical impairment of the heart which affects Plaintiff's cardiovascular system.  Although, Plaintiff could still technically pilot under Federal Air Regulations since his condition was managed by medical treatment, he personally decided not to pilot aircraft as the pilot in command pending the review of his medical certification eligibility, which was being conducted by the Federal Aviation Administration.

13.     Plaintiff continued to keep Martin informed of his on-going diagnosis and treatment.  Martin continued to employ Plaintiff during his on-going diagnosis and treatment. Plaintiff continued to perform his assigned duties for Martin's aircraft operations between December 18, 2014 and January 7, 2015.

14.     On January 5, 2015, Plaintiff informed his supervisor, Mike Hawkins, of an upcoming medical test.  At that time, Mr. Hawkins told Plaintiff that he would be permitted to continue acting as co-pilot on three of Martin's aircraft and take on additional administrative work while receiving medical treatment and diagnosis.

15.     On January 7, 2015, Melanie Mathews and Mike Hawkins met with Plaintiff and told him that he would be placed on paid medical leave until May 31, 2015.  After May 31, 2015, Plaintiff would be terminated.  Plaintiff asked if he could be placed in a different department at Martin instead of being terminated.  Martin refused.

16.    On information and belief, Mike Hawkins contacted the Vice President of Human Resources for Martin prior to the January 7, 2015 meeting with Plaintiff, notifying the Vice President of his intent to terminate Plaintiff.  The Vice President of Human Resources for Martin reviewed Mr. Hawkins' intended termination of Plaintiff and approved Plaintiff's termination.

17.    On January 7, 2015, a few hours after Plaintiff was placed on medical leave, Mike Hawkins had a meeting with the remaining pilots and airport personnel that worked for Martin. During that meeting Mike Hawkins specifically referenced Plaintiff's medical condition in explaining why Plaintiff was no longer working at Martin.  It is Plaintiff's understanding and belief that Mike Hawkins attempted to reassure Martin's remaining pilots that they were not in danger of losing their job because they did not have similar medical conditions, and as such, would not be forced to stop working like Plaintiff.

18.    Since January 7, 2015, Martin has hired numerous additional employees in various capacities in Kilgore and throughout the country.  Plaintiff also believes that Martin has increased its usage of one of its contract pilots to fill the vacancy created by placing Plaintiff on leave.

19.    On May 28, 2015, before Plaintiff's medical leave ended, Plaintiff wrote Martin explaining that his health condition had been successfully treated and managed with medication. Plaintiff explained that his health and medical records were reviewed by the Federal Aviation Administration and he was given clearance to renew his medical certification, which he did on May 27, 2015.  He informed Martin that he was ready, willing, and able to return to work after May 31, 2015.  On June 5, 2015, Melanie Mathews responded on behalf of Martin, stating that although the company had accommodated Plaintiff during his medical treatment, it had eliminated his position and would not allow him to return to work.

20.    Plaintiff was terminated from Martin on June 1, 2015.

21.     Martin violated the Family Medical Leave Act with respect to its actions against Plaintiff at least by: (1) failing to notify Plaintiff whether his paid medical leave would be counted against his FMLA leave entitlement (*see, e.g.,* 29 C.F.R. § 825.300); (2) taking disciplinary actions against Plaintiff for using his entitlement to leave under the FMLA to the extent Martin counted Plaintiff's medical leave against his FMLA entitlement (*see, e.g.,* 29 C.F.R. § 825.220); (3) disclosing Plaintiff's confidential medical records to other employees of Martin (*see, e.g.,* 29 C.F.R. § 825.500); (4) failing to reinstate Plaintiff after his medical leave terminated (*see, e.g.,* 29 C.F.R. § 825.214); and/or (5) terminating Plaintiff upon the conclusion of his medical leave or on the basis that he was entitled to take leave (*see, e.g.,* 29 C.F.R. § 825.216).

22.     Martin discriminated against Plaintiff in violation of the Americans with Disabilities Act as Amended and/or the Texas Labor Code on the basis of his disabilities and/or perceived disabilities related to his mild sinus tachycardia with occasional PACs and PVCs. Martin discriminated against Plaintiff at least by: (1) refusing to accommodate Plaintiff and allow Plaintiff to perform administrative work for Martin while he received medical treatment; (2) not allowing Plaintiff sufficient leave to receive medical treatment; and/or (3) terminating Plaintiff due to his disabilities and/or perceived disabilities or in response to Plaintiff's request for or perceived need for accommodations.

## IV.     FAMILY MEDICAL LEAVE ACT

23.     Plaintiff incorporates by reference all of the allegations set forth in the foregoing paragraphs of his complaint as if set forth in full herein.

24.     Plaintiff has satisfied all jurisdictional prerequisites in connection with his claim under the FMLA, 29 U.S.C. § 2601 et. seq.

25.     Defendant is an "employer" as defined by the FMLA.

26.     During the time that Plaintiff was employed by Defendant, he was an "eligible employee" as defined by the FMLA.

27.     While Plaintiff was employed by Defendant, he experienced medical conditions that would be defined as a "serious health condition" under the FMLA.

28.     Plaintiff was entitled to medical leave for his serious health condition as provided for in the FMLA.

29.     Plaintiff alleges that Defendant interfered with his rights under the FMLA, and that Defendant discriminated and retaliated against him because he took or would have taken leave protected by the FMLA.   Defendant's actions culminated in Plaintiff being terminated by Defendant.

30.     Defendant's violation of the FMLA was willful.

31.     Plaintiff seeks damages under the FMLA as set forth in his Complaint.

### V.      AMERICANS WITH DISABILITIES ACT

32.     Plaintiff incorporates by reference all of the allegations set forth in the foregoing paragraphs of his complaint as if set forth in full herein.

33.     Defendant was an employer under the Americans with Disability Act and subsequent amendments (the "ADA").   Plaintiff was an employee of Defendant.

34.     Defendant is a person within the meaning of the ADA.   Defendant is engaged in interstate commerce.

35.     Since 2014, Plaintiff has been an individual with a disability under the ADA.   42 U.S.C. § 12102(2).   Plaintiff has a physical impairment that substantially limits one or more of his major life activities, including the operation of his circulatory system, has a record of such an impairment, and/or Defendant regarded Plaintiff as having such an impairment.

36.     Plaintiff is a qualified individual with a disability under the ADA.  42 U.S.C. § 12111.  Plaintiff is an individual with a disability who, with reasonable accommodation, can perform the essential functions of his job with Defendant.

37.     Despite Plaintiff's requests to make a reasonable accommodation, including but not limited to modified job duties while not piloting, Defendant refused to make reasonable accommodations for Plaintiff.

38.     Defendant failed to undertake any good faith efforts, in consultation with Plaintiff, to identify and make a reasonable accommodation with Plaintiff.

39.     In failing to make reasonable accommodation to Plaintiff's disability, Defendant acted with malice or with reckless indifference to the federally protected rights of Plaintiff.

40.     Defendant interfered with Plaintiff's rights granted and protected by the ADA, by discouraging Plaintiff from pursuing his rights under the ADA.

41.     Defendant's failure to make reasonable accommodation to Plaintiff's disability constitutes discrimination against Plaintiff with respect to terms, conditions, or privileges of employment in violation the ADA.  42 U.S.C. § 12112.

42.     Defendant retaliated against Plaintiff and terminated him based on his disability and/or his exercise of rights granted and protected by the ADA.

43.     Plaintiff seeks damages under the ADA as set forth in his Complaint.

## VI.     TEXAS LABOR CODE

44.     Plaintiff incorporates by reference all of the allegations set forth in the foregoing paragraphs of his complaint as if set forth in full herein.

45.      Defendant discriminated against Plaintiff because of his disability.

46.     Defendant's actions violated the Texas Labor Code.  *See, e.g.,* Tex. Lab. Code §§ 21.051; 21.128.

47.     Plaintiff seeks all damages available to him for Defendant's violations of the Texas Labor Code.

48.     Plaintiff seeks damages under the Texas Labor Code as set forth in his Complaint.

## VII.    DAMAGES

49.     Plaintiff incorporates by reference all of the allegations set forth in the foregoing paragraphs of his complaint as if set forth in full herein.

50.     Defendant's actions violated the FMLA.

51.     Plaintiff is entitled to recover from Defendant any wages, salary, employment benefits, or other compensation denied or lost to Plaintiff by reason of Defendant's violation of the FMLA.  29 U.S.C. § 2617(a)(1)(A)(i).  Plaintiff is entitled to pre-judgment interest on the foregoing at the prevailing rate.  29 U.S.C. § 2617(a)(1)(A)(ii).

52.     Plaintiff is entitled to recover liquidated damages from Defendant equal to the amount awarded to Plaintiff as wages, salary, employment benefits, or other compensation denied or lost to Plaintiff.  29 U.S.C. § 2617(a)(1)(iii).

53.     Plaintiff retained the services of undersigned counsel to prosecute his claims. Plaintiff is entitled to reasonable attorney's fee, reasonable expert witness fees, and other costs of the action.  29 U.S.C. § 2617(a)(3).

54.     Plaintiff seeks all damages available to him under the FMLA.

55.     Defendant's actions violated the ADA and the Texas Labor Code.

56.     As a direct and proximate result of Defendant's discrimination on the basis of disability, Plaintiff has suffered lost wages and benefits and lost employment opportunities.

Plaintiff is entitled to receive an award of wages and employment benefits in the past – "back pay" – plus wages and employment benefits in the future – "front pay" – and other appropriate equitable relief.

57.     Defendant's discrimination against Plaintiff and failure to make reasonable accommodation has caused, continues to cause, and will cause Plaintiff to suffer substantial damages including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, as well as compensatory damages in the future, which includes damages for emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

58.     Plaintiff's harm was a result of Defendant's actual malice or reckless indifference to Plaintiff's state-protected and federally-protected rights, thus Plaintiff seeks punitive or exemplary damages.

59.     Plaintiff may recover reasonable and necessary attorney's fees, expert fees, and costs.

60.     Plaintiff seeks all damages available to him under the ADA and the Texas Labor Code.

## VIII.         INJUNCTIVE AND DECLARATORY RELIEF

61.     Plaintiff incorporates by reference all of the allegations set forth in the foregoing paragraphs of his complaint as if set forth in full herein.

62.     Plaintiff requests the Court enter an order providing injunctive and declaratory relief including, but not limited to:

  a.     Prohibiting Defendant from engaging in unlawful retaliation and discrimination;

  b.     Reinstating Plaintiff's employment with Defendant with back pay, including compensation for lost benefits, and a reasonable accommodation;

    c.      Reporting to the Court on the manner of compliance with the terms of a final order issued by this Court;

    d.      Paying court costs;

    e.      A declaration that Defendant violated Plaintiff's rights under state and federal law, engaged in unlawful employment discrimination, and considered an illegal factor in terminating Plaintiff's employment; and

    f.      Any additional equitable relief as the Court deems proper.

## IX.  JURY DEMAND

63.    Plaintiff demands a trial by jury.

## X.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that Defendant be cited to appear and answer, and that on final trial, Plaintiff have judgment against Defendant as follows:

    a.      Wages, salary, employment benefits, or other compensation denied or lost as determined by the jury;

    b.      Liquidated damages equal to the amount determined by the jury in subsection (a) above;

    c.      Compensatory damages in the maximum amount allowed by law;

    d.      Exemplary damages;

    e.      Attorney's fees, expenses, expert fees, and court costs;

    f.      Pre-judgment and post-judgment interest at the rate set by law; and/or

    g.      Injunctive and declaratory relief, including but not limited to, an Order:

        i.      Prohibiting Defendant from engaging in unlawful retaliation and discrimination;

        ii.      Reinstating Plaintiff's employment with Defendant with back pay, appropriate promotions, and reasonable accommodations;

        iii.      Reporting to the Court on the manner of compliance with the terms of a final order issued by this Court;

        iv.      A declaration that Defendant violated Plaintiff's rights, engaged in unlawful employment discrimination, and considered an illegal factor in terminating Plaintiff's employment; and

h.      All other legal or equitable relief this Court deems proper.

Respectfully submitted,

Eric M. Albritton
Texas State Bar No. 00790215
ema@emafirm.com
Shawn A. Latchford
Texas State Bar No. 24066603
sal@emafirm.com
**ALBRITTON LAW FIRM**
111 West Tyler Street
Longview, Texas 75601
Telephone:  (903) 757-8449
Facsimile:  (903) 758-7397

Christie M. Merchant
Texas State Bar No. 24070219
cmm@emafirm.com
**ALBRITTON LAW FIRM**
680 North Carroll Avenue, Suite 110
Southlake, Texas 76092
Telephone: (817) 251-0610

*Counsel for Plaintiff*
*Jonathan Creech*